May it please the Court, Nicholas Markey, on behalf of Maria Martinez-Rosas. Your Honors, this is a notice of appeal from a district court decision out of the Eastern District of Washington in which the district court dismisses action for lack of jurisdiction to entertain the claims brought by Ms. Martinez. As this Court is aware, this is an immigration case and primarily the sole issue that I see on appeal is jurisdiction for this Court to hear this matter. The district court maintained that it did not have discretion or jurisdiction to hear the matter because it involved discretionary decisions made by the immigration and naturalization judge or the immigration judge. And the Board of Immigration Appeals summarily affirmed that decision. As the Court is aware, Ms. Martinez, after the Board of Immigration Appeals dismissed her appeal, she filed a petition for review under cause number 0271212. This Court dismissed that case on the holding of Falcone-Carriche, indicating that there was no jurisdiction to hear the matter and that one of the claims that she raised, that being that the streamlining process violated her due process rights, that process was not a violation of the law. She subsequently then filed in district court in an attempt to have her claims heard. Judge Fay has noted, dismissed the action, indicating that he did not have jurisdiction because, A, it was a purely discretionary ruling, and citing to Ramiro-Torres, indicating that it is a discretionary ruling. There is no jurisdiction to hear it. And, B, the issue of due process and the actions of the BIA was dismissed. Do you agree we ought to treat that petition as a petition for review to this Court? I think yes. And then the issue would be whether there was a sufficient constitutional law violation or error of law that was alleged. I believe the parties can see that. What was the constitutional error that was made? Your Honor, again, we're back to a – our argument, again, is the way that the BIA addressed – or did not address any of the issues. In reaching its decision, the BIA gave no meaningful review. They simply issued a one-sentence decision. That's the Falcon-Karish case. I understand that. And with the Fernandez case, Your Honor, I think that that decision comes into question. All right. This case is, again, the Falcon-Karish case came up for a petition for review. We're indicating that not only is there a due process violation, but there's also a misapplication of the law by the immigration judge, which would give this Court jurisdiction to review it. The government cites the fact that, well, Ms. Martinez has already had a review of this by her prior case. And what we're saying is her case was thrown out or dismissed because of Falcon-Karish and also under Romero-Torres. So we're saying that she didn't get meaningful review and that this Court does have the ability to review the decision of the immigration judge as to an application of law. Did he apply the right standard? Was it a matter of OJO, which sets out the parameters for looking at a decision for cancellation or removal? Or did he apply Anderson? And in my opinion, the immigration judge applied Anderson. The BIA did not even address those issues. Again, they merely issued a one-sentence decision. We're saying that this Court has the discretion and the authority to review it because, A, these claims haven't been addressed by any court, and, B, with Real ID Act, that does bring in now the ability for this Court to review it. I am – I would assume that the government will contend that this is a purely discretionary decision made by the immigration judge, and the Real ID Act provides that if it's purely discretion, then this Court doesn't have it. What we're saying is this case does involve issues of law as well as a constitutional law issue. I do concede that Falcón-Carrillo would address the constitutional issue because that decision should have been addressed. However, I note for my purposes, Falcón-Carrillo was for a petition for review. So I would say that it could be distinguished on that. And given the recent holding of Fernandez, it seems that we're back into a position where we're not quite sure where jurisdiction lies as to removal orders. I'll reserve one minute. Thank you, counsel. Good morning, Your Honors. Connie Ahmed on behalf of the Respondent. I would like to start out this argument by stating that the district court, actually, a major part of its decision was based on the Petitioner's failure to state a claim at the district court level. In fact, the Petitioner had alleged that the judge had misapplied the law to the facts. And Judge Shea, the district court judge, actually said that there was no evidence provided to the judge that the judge, the IJ, had actually misapplied the law. In fact, up to this point, even at this point, based on the Petitioner's belief, there aren't any specific allegations as to how the IJ actually misapplied the law to the facts, thereby depriving the Petitioner of her due process rights. In fact, the IJ used its discretionary decision stating that the Petitioner had failed to show that she had suffered any exceptional or extremely unusual hardship. That, for her children, and therefore her children. Mr. Ahmed, what we're reviewing here is that petition to the district court, as I understand it, to see if there was a constitutional violation or an error of law committed. Is that correct? Well, Your Honor, in the Petitioner's brief, she has alleged that the IJ misapplied the law to the facts and thereby violated her constitutional right due process under the Fourteenth and Fifth Amendments. And you're saying the IJ didn't. Simply, he or she simply applied the discretionary rule or whatever. That is correct, Your Honor. And that's this Court in Fernandez-Ruiz v. Gonzalez pointed out that, you know, the Court can review constitutional and legal questions, and that's also pursuant to the Real ID Act, now everything's been transferred from the district court level to the circuit courts and the appellate courts as petitions review anything that's in the district court at this time is being transferred, but only on constitutional questions or errors in law. Now, what we have here is an allegation that there was an error in law, but we have nothing to substantiate that. In fact, there's nothing specific in the Petitioner's brief to point out that there was an error of law made by the judge. In fact, the judge made a discretionary call based on the facts that were put to him and decided that the Petitioner had not pointed out to any exceptional, extreme, unusual hardship to her three U.S. children, citizens. And based on that, there is no judicial review of that. It's a discretionary decision. It's not based on any facts or any errors by the judge as to apply those facts. We've seen in the past that if a judge... Roberts. Now, that would be on the merits, but you're saying, oh, we'd have to address that under the error of law issue? Phillips. Well, Your Honor, there have been cases where if the IJ is biased, for example, or if the IJ... Roberts. Yeah. Yeah. Phillips. ...if there was an error in translation, for example, that can be reviewed. But in this case, it's purely discretionary. There's nothing to indicate that the IJ in this case was biased. In fact, the IJ considered, for example, I'll tell the Court, that the IJ considered what effect that removal would have to the children in this case. There are two fathers for these three children. At the time that the IJ heard the case, none of the children had met either of the fathers, and the judge believed that it wouldn't impede on their ability to meet the fathers if they chose to go with their mother back to Mexico. He looked at economic detriment, but he believed that in this Court's decision in Day-Renosa v. the INS, which is 627 F. Second 958, that economic detriment was not substantial enough to constitute extreme hardship in this case. This, I believe the IJ, and I believe the district court level, believe that it was a run-of-the-mill case. There was nothing unusual about this case to warrant a finding of exceptional or extremely unusual hardship. But let me point out, although Judge Shea at the district court level said, well, I can't review that because it's a discretionary decision, a major part of his decision, Your Honor, was that there was nothing to corroborate that the judge had misapplied the law to the facts. I would also point out that the petitioner raises that the BIA erred by streamlining its decision. And as this Court pointed out in Fountain-Crosby v. Ashcroft, 350 F. Third 845 at 849, that's – that is acceptable. The BIA in making the streamlining decision doesn't necessarily say we agree with everything that the IJ did, but it just states by doing so that there are no major errors or any errors are harmless at this point and that the decision should be affirmed. And that there is a substantial government interest in doing so because of the number of cases. It doesn't mean that three judges are no longer reviewing the case. It just simply means that one judge is writing the opinion. If there are no other questions by the Court.  Thank you, counsel. Briefly, Your Honors, I guess my response to the government would be that he maintains that this was a discretionary decision and, therefore, there is no jurisdiction and that there were no facts sufficient for Judge Shea to find that Ms. Martinez had established that the judgment – Well, so the requirement is that you have to at least make out the facts. claim of a violation of a constitutional right. So what did you do in order to meet that burden? Your Honor, the district court judge was provided with a memorandum of law with attachments that we believe did establish it. When the IJ – You have to establish it. You just need to make out a colorable claim. And I think we did by citing to the decision of the IJ and the decision of the BIA. Counsel says that the BIA's streamlining process is it's one judge writing the opinion. Actually, it's one judge that makes the decision. And of lately, the BIA decisions that come down is the decision entered is we have reviewed the immigration judge's decision and his findings and concur with that. This case was not that. This was a one-line response saying we affirm the judge – the decision of the judge, no indication of review. Therefore, I don't believe that Ms. Martinez has ever gotten a fair review of her case. Well, wasn't that Falcon-Karish? Pardon me? Wasn't that the same order in Falcon-Karish? I concede it was, Your Honor. It was. And as I said, I would distinguish it now based on Fernandez. And, again, we're back into a very confusing state of the law as to removal or review. Thank you, counsel. Thank you.
judges: Thompson, T. Nelson, Wardlaw